IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KATINA CURRY, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | |
| FIVE STAR QUALITY CARE-TX, LLC d/b/a FSQC-TX, LLC, FIVE STAR QUALITY CARE TRUST d/b/a FSQC TRUST, THE MONTEVISTA AT CORONADO and FS TENANT POOL I TRUST, | § § § § § § § § | 3:18-CV-00134 |
| *Defendants.* | § | |

## **PLAINTIFF'S AMENDED COMPLAINT OF JUNE 8, 2018**

TO THE HONORABLE PHILIP R. MARTINEZ:

COMES NOW KATINA CURRY (hereinafter referred to as "Plaintiff"), complaining of FIVE STAR QUALITY CARE-TX, LLC d/b/a FSQC-TX, (hereinafter referred to as "Defendant FSQC-TX"), FIVE STAR QUALITY CARE TRUST d/b/a FSQC TRUST, (hereinafter referred to as "Defendant FSQC-TRUST"), THE MONTEVISTA AT CORONADO (hereinafter referred to as "Defendant MONTEVISTA") AND FS TENANT POOL I TRUST (hereinafter referred to as "Defendant FS TENANT"), and for a cause of action would respectfully show the Court and/or Jury as follows:

### I.   PARTIES

1. Plaintiff is an individual who is a citizen of the State of Texas. The last three numbers of Plaintiff's Driver's License are 014.

2. Defendant FIVE STAR QUALITY CARE- TX, LLC d/b/a FSQC-TX, LLC is a Maryland Corporation doing business in El Paso County, Texas and has been served with process

by serving its registered agent, CORPORATION SERVICE COMPANY d/b/a CSC-LAWYERS INCO at 211 E 7th Street, Suite 620, Austin, Texas 78701 on March 27, 2018.

3. Defendant FIVE STAR QUALITY CARE TRUST d/b/a FSQC TRUST is a Maryland Corporation doing business in El Paso County, Texas and has been served with process by serving its registered agent, CORPORATION SERVICE COMPANY d/b/a CSC-LAWYERS INCO, at 211 E 7th Street, Suite 620, Austin, Texas 78701 on March 27, 2018.

4. Defendant THE MONTEVISTA AT CORONADO is a Maryland Corporation doing business in El Paso County, Texas and has been served with process by serving its registered agent, CORPORATION SERVICE COMPANY d/b/a CSC-LAWYERS INCO, at 211 E 7th Street, Suite 620, Austin, Texas 78701 on March 27, 2018.

5. Defendant FS TENANT POOL I TRUST is a Maryland Corporation doing business in El Paso County, Texas and has been served with process by serving its registered agent, CORPORATION SERVICE COMPANY d/b/a CSC-LAWYERS INCO at 211 E 7th Street, Suite 620, Austin, Texas 78701 on March 27, 2018.

## II.   JURISDICTION

6. This Court has subject-matter jurisdiction as a federal question is at issue pursuant to 28 U.S.C.§1331.

7. The Court has personal jurisdiction over the parties, and venue is proper pursuant to 28 U.S.C § 1391(b)(1) because some of the parties reside within the Western District of Texas and a substantial part of the acts and omissions that give rise to the claims in the Complaint occurred within the Western District of Texas.

### III. VENUE

8. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this state. Venue is also proper in this district under 42 U.S.C. §2000e-5(f)(3) because the employment records relevant to the alleged unlawful employment practice are maintained and administered in this district.

### IV. GENERAL ALLEGATIONS AND STATEMENT OF FACTS

9. On or about July 31, 2014, Plaintiff began working for Defendants as a Certified Nursing Assistant. On or about May 13, 2017, Plaintiff had an on the job injury to her right knee. On or about July 26, 2017, Plaintiff received a letter indicating that if she did not return to work by July 28, 2017 she would be terminated. On or about July 24, 2017, Plaintiff was released to work with minimal restrictions and was able to perform the essential functions of her job. She provided all medical documentation and was able to return to work on July 28, 2017. The following days Plaintiff received a message from her superior informing Plaintiff the administrative office and human resource office refused to accommodate Plaintiff and she was instead terminated. The aforementioned acts of Defendant constitute unlawful discrimination and retaliation against Plaintiff in violation of Tex. Labor Code Sects. 21.000, et seq., and the Americans with Disabilities Act of 1990.

10. On or about March 1, 2017, Plaintiff and co-worker Alma Aragon had a disagreement, which was later alleged to have been a verbal altercation. Amanda Acosta, who supervised neither employee, reprimanded Plaintiff in writing. Alma Aragon received no such reprimand. Plaintiff was subsequently escorted from the building. Plaintiff was retaliated against and wrongfully terminated based on unfair treatment and based on the fact that Plaintiff is African American. Defendants have committed unlawful discrimination and/or retaliation against Plaintiff

based on race, in violations of Texas Labor Code Sections 21.051, 21.055, and 21.110 (Chapter 21).

11. Plaintiff would show that in connection with her on-the-job injuries, Plaintiff in good faith: (a) Filed a claim for Workers' Compensation; (b) Hired an attorney to represent her in a claim; (c) Instituted or caused to be instituted a proceeding under the Texas Workers' Compensation Act; (d) Testified or was about to testify in a proceeding under the Texas Workers' Compensation Act; (e) Prosecuted a claim under the Texas Workers' Compensation Act. As a result of Plaintiff's actions, Defendant discharged Plaintiff from her employment and/or discriminated against Plaintiff on or about July 28th, 2017, in violation of Labor Code Section 451, *et. seq.* Plaintiff also suffered from hostile work environment as a result of her on-the-job injuries.

## V.   SATISFACTION AND EXHAUSTION OF ADMINISTRATIVE REQUIREMENTS

12. On or about March 14, 2017, Plaintiff timely filed her charge of discrimination and retaliation based on race discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). On July 28, 2017 Plaintiff filed another charge of discrimination with the EEOC for disability discrimination. Both charges were filed within 180 days of the act or occurrence. On or about December 22, 2018, Plaintiff received a Right to Sue letter from the EEOC dated December 18, 2017. Plaintiff's claims under the Texas Labor Code and the Americans with Disabilities Act of 1990 are timely because Plaintiff has filed suit within ninety (90) days of her receipt of the Right to Sue letter from the EEOC dated December 18, 2017. Plaintiff has filed suit on or before the second anniversary of the date the complaint relating to the action was filed. Plaintiff has complied with and satisfied all administrative requirements for filing this suit.

### VI. DISABILITY DISCRIMINATION UNDER FEDERAL AND STATE LAW

13. This is an action for damages, including without limitation, actual and liquidated damages and other legal and equitable relief to secure the rights and redress the injuries of Plaintiff under the laws of the United States and State of Texas, based on wrongful actions of Defendant which constitutes unlawful discrimination and/or retaliation against Plaintiff based on disability, in violations of Texas Labor Code Sections 21.00, 21.051, 21.055, and 21.105 (Chapter 21") and the Americans with Disabilities Act of 1990 ("ADA"), as further described below. Plaintiff is a covered employee under Chapter 21 of the ADA. Defendant is an employer within the meaning of the ADA and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. *See 42 U.S.C. §12111.*

14. On or about July 31, 2014, Plaintiff began working for Defendants as a Certified Nursing Assistant. On or about May 13, 2017, Plaintiff had an on the job injury to her right knee. On or about July 26, 2017, Plaintiff received a letter indicating that if she did not return to work by July 28, 2017 she would be terminated. On or about July 24, 2017, Plaintiff was released to work with minimal restrictions and was able to perform the essential functions of her job. She provided all medical documentation and was able to return to work on July 28, 2017. The following days Plaintiff received a message from her superior informing Plaintiff the administrative office and human resource office refused to accommodate Plaintiff and she was instead terminated.

15. The aforementioned acts of Defendants constitute unlawful discrimination and retaliation against Plaintiff in violation of Tex. Labor Code Sects. 21.000, et seq., and the Americans with Disabilities Act of 1990. Defendant violated the ADA by intentionally discriminating against Plaintiff on the basis of her disability. Defendants discriminated against Plaintiff by refusing to make reasonable accommodations to perform her job following a workplace injury.

16. The aforementioned acts of Defendant, through the acts of its officers, managers, agents, and employees, constitutes unlawful discrimination and a hostile work environment against Plaintiff based on her disability, in violation of the Texas Labor Code §21.105.

## VII.  RACE, COLOR, AND NATIONAL ORIGIN DISCRIMINATION UNDER FEDERAL AND STATE LAW

17. On or about March 1, 2017, Plaintiff and co-worker Alma Aragon had a disagreement, which was later alleged to have been a verbal altercation. Amanda Acosta, who supervised neither employee, reprimanded Plaintiff in writing. Alma Aragon received no such reprimand. Plaintiff was subsequently escorted from the building. Plaintiff was retaliated against and wrongfully terminated based on unfair treatment and based on the fact that Plaintiff is African American. Defendants have committed unlawful discrimination and/or retaliation against Plaintiff based on race, in violations of Texas Labor Code Sections 21.051, 21.055, and 21.110 (Chapter 21).

18. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely race, color, or national origin. *See 42 U.S.C. §2000e(f).*

19. Defendant is an employer within the meaning of Title VII and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. *See 42 U.S.C. §2000e(a), (b); Arbaugh v. Y&H Corp., 546 U.S. 500, 504-05 (2006).*

20. Defendant intentionally discriminated against Plaintiff because of her race, color, and national origin in violation of Title VII. *See 42 U.S.C. §2000e-2.*

21. Defendants are directly liable because it was negligent in remedying the discriminatory conduct. *See Vance, 570 U.S. at 427; McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1119-21 (9th Cir. 2004).* Defendants are strictly liable for their employees' including but not limited to Amanda and Brent Richardson because said employees took a tangible employment

action against Plaintiff that significantly changed Plaintiff's employment status. Specifically, Plaintiff was both reprimanded and terminated from employment.

### VIII.   HOSTILE WORK ENVIRONMENT

22.   Defendants created a hostile work environment through their discriminatory words and actions towards Plaintiff because of Plaintiff's race, color, or national origin. This conduct was so severe that it altered the terms and conditions of Plaintiff's employment and interfered with Plaintiff's work performance/created an intimidating, hostile, and offensive work environment. *See 42 U.S.C. §2000e-2(a)(1); Vance v. Ball State Univ., 570 U.S. 421, 428 (2013).*

### IX.   WORKERS' COMPENSATION RETALIATION

23.   Plaintiff would show that in connection with her on-the-job injuries, Plaintiff in good faith:

   a. Filed a claim for Workers' Compensation;
   b. Hired an attorney to represent her in a claim;
   c. Instituted or caused to be instituted a proceeding under the Texas Workers' Compensation Act;
   d. Testified or was about to testify in a proceeding under the Texas Workers' Compensation Act;
   e. Prosecuted a claim under the Texas Workers' Compensation Act.

As a result of Plaintiff's actions, Defendant discharged Plaintiff from her employment and/or discriminated against Plaintiff on or about July 28th, 2017, in violation of Labor Code Section 451, *et. seq.* Plaintiff also suffered from hostile work environment as a result of her on-the-job injuries.

### X.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24.   Defendant acted intentionally or recklessly engaging in extreme and outrageous behavior causing Plaintiff severe emotional distress. Plaintiff has suffered mental pain and anguish in the past. Plaintiff will continue to suffer mental pain and anguish in the future.

## XI. PLAINTIFF'S DAMAGES

25. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

   a. Plaintiff was discharged form employment with Defendants. Although Plaintiff has diligently sought other employment, she has been unable to find a job. In addition, Plaintiff has incurred expenses in seeking other employment.

   b. Plaintiff suffered loss of her pension or retirement benefits.

   c. Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits. Reinstatement of Plaintiff in her previous position is impractical and unworkable. Therefore, plaintiff seeks an award of front pay and retirement benefits to compensate her up to the retirement age of 65.

   d. Plaintiff suffered mental anguish and emotional distress in the past and in the future.

26. The amount of the Plaintiff's damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past and future, past and future physical impairment, and future lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damages is peculiarly within the province of the fact-finder. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damage but would instead rely upon the collective wisdom of the fact-finder to determine an amount that would fairly reasonable compensate Plaintiff.

## XII. EXEMPLARY DAMAGES

27. Plaintiff would show that Defendants acted with malice. Specifically, Defendants had the specific intent to cause substantial injury to Plaintiff her in violation of Texas Labor Code §451.001, §21.00, §21.051, §21.055, $21.110 and §21.105 and the Americans with Disabilities Act of 1990. Defendant's actions in discharging Plaintiff from its employ was in willful disregard of the rights of Plaintiff for which Plaintiff is entitled to recover punitive damages.

### XIII.  ATTORNEY FEES AND COSTS

28. Plaintiff is entitled to an award of attorney fees and costs.

### XIV.  JURY DEMAND

29. Plaintiff respectfully requests trial by jury of the issues in this case.

### XV.  CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest, and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

/s/ *Daisy Chaparro*
**DAISY CHAPARRO**
TX State Bar No.: 24088824
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
Phone: (915) 308-1000
Facsimile: (915) 300-0283
DChaparro@FTAlawfirm.com
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on this **8th** day of **JUNE** 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the following as well as all others on the CM/ECF service list:

*Talley R. Parker*
Jackson Lewis, P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
Phone: (214) 520-2400
Facsimile: (214) 520-2008
Talley.parker@jacksonlewis.com
*Attorney for Defendants*

/s/ *Daisy Chaparro*
**DAISY CHAPARRO**